# Exhibit 8

THE BURKHALTER LAW FIRM

formerly Burkhalter, Rayson & Associates
111 S. CENTRAL STREET
P.O. BOX 2777
KNOXVILLE, TENNESSEE 37901

MAIN (865) 524-4974
FAX (865) 524-0172
www.burkhalterlaw.com

DAVID A. BURKHALTER II
e-mail: david@burkhalterlaw.com

D. ALEXANDER BURKHALTER III
e-mail: alex@burkhalterlaw.com

ZACHARY J. BURKHALTER
e-mail: zach@burkhalterlaw.com

October 21, 2024

**Privileged and Confidential Pursuant to Rule 408 of the Federal Rules of Evidence**

<u>*Via Email Only*</u>:
Amy M. Turk (aturk@mcguirewoods.com)
All Dollar General Decision Makers
c/o Amy M. Turk

RE: *Dr. Johné E. Battle v. Dollar General Corporation*

Dear Amy and All Dollar General Decision Makers:

As you know, we originally reached out to Dollar General on July 29, 2024 to determine if an amicable resolution could be reached regarding Dr. Battle's wrongful termination "after he persisted in his objections to systemic and pervasive discrimination that he discovered during his employment." (*See* July 29, 2024 letter to Vasos, Cook, and Huffman).[1] That letter also addressed the allegations regarding the Seagate device that Dr. Battle was allowed to routinely download to throughout his employment.[2]

---

[1] As that letter of July 29, 2024 also states: "Further, on more than one occasion leading to his termination, Dr. Battle was pressured to lie and mislead Dollar General's Board of Directors with respect to the discrimination that he so vehemently opposed. When Dr. Battle refused and chose to tell the truth to the Board, additional retaliation ensued and he was ultimately fired for what can only be described as a trumped-up reason."

[2] As that letter of July 29, 2024 also states: "I have reviewed the letter from attorney, Melanie Cook, dated July 22, 2024, regarding the downloaded materials. To be clear, Dr. Battle was allowed access and download this type of material throughout his employment, and he has not downloaded anything that he was not allowed to download during his employment. Frankly, given that this was never previously an issue during his employment, from our perspective, it appears these new allegations against him are further retaliation for engaging in protected activities. Nevertheless, Dr. Battle is sending me the original hard-drive since it also contains his personal information and research, and, if needed, we will have an IT consultant pull the information you have identified in your letter to be returned."

We thereafter started communicating through you, and, on August 7, 2024, we offered to withhold filing Dr. Battle's EEOC Charge[3] until we determined whether this matter could be amicably resolved. We thereafter made a demand on August 24, 2024. Since that date, Dollar General has made no effort to amicably resolve this case, but, to the contrary, has rescinded the initial severance offered and embarked on a series of demands that it basically be allowed to engage in a vindictive fishing expedition that is premised on the false assertion that Dr. Battle is lying about there being no unauthorized dissemination of Dollar General material. This is unacceptable.

As a result, Dr. Battle has decided to exercise his rights to file with the EEOC, so the process can be initiated without further delay. Attached hereto is a signed and notarized EEOC Charge of Discrimination and Retaliation that will be filed with the EEOC within the next 10 business days. As you know, once this Charge is filed with the EEOC, and it will be up to the EEOC, regardless of whether this matter is eventually arbitrated.

We may agree to withhold filing this Charge with the EEOC if Dollar General's decision-makers agree to mediate with Dr. Battle in good faith with an agreed-upon mediator within the next 30 days, and conditioned on Dollar General agreeing to respond in good faith to Dr. Battle's demand that was made on August 24, 2024 and offer an amount in excess of the previously offered severance. If the matter is successfully mediated, then this will close out this case. If the mediation is unsuccessful, we will file the EEOC charge. Please understand these conditions of agreeing to mediation and withholding the filing of the EEOC Charge are non-negotiable. Thank you.

Very truly yours,

The Burkhalter Law Firm, P.C.

David A. Burkhalter, II

DAB/rlm

Enclosure

cc: Dr. Johné E. Battle

---

[3] As you know, regardless of whether there is an enforceable arbitration agreement (which we do not concede), a party may still file a Charge of Discrimination with the EEOC. See *EEOC. V. Waffle House, Inc.*, 534 US 279 (2002).
4 We will still allow Dollar General to examine the Seagate device as previously offered, and remove its information.