IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
Nashville Division

| | |
|---|---|
| DOLLAR GENERAL CORPORATION,<br><br>*Plaintiff*,<br><br>v.<br><br>JOHNÉ BATTLE,<br><br>*Defendant*. | Case No. 3:24-cv-01330 |

**DOLLAR GENERAL CORPORATION'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Pursuant to Rule 65 of the Federal Rules of Civil Procedure and L.R. 65.01, Plaintiff Dollar General Corporation ("Dollar General" or "Plaintiff") moves for a temporary restraining order and preliminary injunction against Defendant Johné Battle ("Battle" or "Defendant"). Pursuant to his employment agreements with Dollar General, Battle agreed not to take or disclose Dollar General's confidential, proprietary, trade secret, and attorney-client privileged information for any purpose other than Battle's job duties for Dollar General, and to return all Dollar General confidential information upon his termination. Since the termination of Battle's employment, Battle has breached his contractual obligations of his employment agreements by not only taking Dollar General's confidential, proprietary, trade secret, and attorney-client privileged information, but by then disclosing such information to his attorney, threatening to further disclose such information in his own self-interest, and—despite multiple requests by Dollar General—refusing to

1

return such information upon his termination. Immediate injunctive relief is necessary to prevent the irreparable harm to Dollar General resulting from Battle's ongoing breach of contract.

Because Dollar General is likely to prevail on the merits of its breach of contract claim,[1] and because Dollar General will suffer immediate and irreparable harm if Battle continues to retain and disclose its confidential, proprietary, trade secret, and attorney-client privileged information, Dollar General respectfully moves for entry of a temporary restraining order and preliminary injunction pursuant to Fed. R. Civ. P. 65 and Local Rule 65.01 preventing Battle from further disclosing its confidential, proprietary, trade secret, and attorney-client privileged information pending a preliminary injunction hearing and during the pendency of Dollar General's arbitration on the merits of Dollar General's claims before the American Arbitration Association ("AAA"). The requested relief will serve the public interest and result in no harm to Battle. As set forth in this Motion, the Memorandum of Law in Support in support of this Motion, Dollar General's Verified Complaint and the exhibits thereto, immediate injunctive relief is both necessary and warranted.

Consistent with Fed. R. Civ. P. 65(b)(1)(B), a copy of the Verified Complaint, this Motion, the Memorandum of Law in Support in support of this Motion, and all other pleadings filed with the Court are being sent to Defendant and his attorney via

---

[1] In addition to its breach of contract claim, Dollar General also asserts causes of action for breach of the duty of loyalty and for violation of the Tennessee Uniform Trade Secrets Act ("TUTSA") and federal Defend Trade Secrets Act ("DTSA"). Although Dollar General is confident it will prevail on all claims in arbitration, the focus of this Motion is on its breach of contract claim.

email. Regardless, issuance of the requested relief is warranted even without notice to Defendant because the specific facts presented in the Verified Complaint and the exhibits thereto clearly show that immediate and irreparable injury will result to Dollar General before Defendant can be heard in opposition. Any harm to Defendant resulting from issuance of a temporary restraining order without prior notice is minimal and alleviated by the short-term nature of such relief, the security required under Fed. R. Civ. P. 65(c), and the opportunity to move to dissolve the order as stated in Fed. R. Civ. P. 65(b)(4).

WHEREFORE, Plaintiff respectfully requests entry of a temporary restraining order and, following a hearing, a preliminary injunction, ordering that Battle:

1. Return all copies of Dollar General's confidential, proprietary, trade secret, and attorney-client privileged information he has in his possession to Dollar General;

2. Submit the USB drive onto which Battle downloaded Dollar General's confidential, proprietary, trade secret, and attorney-client privileged information, and all electronic devices into which that USB drive has been inserted since June 15, 2020, for a forensic inspection to confirm whether any such information has been impermissibly used and to facilitate the permanent removal of all such information from Battle's possession;

3. Submit a signed declaration under penalty of perjury that identifies all third parties with whom Battle has shared Dollar General's

3

confidential, proprietary, trade secret, and attorney-client privileged information, identifies with particularity what information Battle shared with each such third party, and certifies that all copies of documents containing Dollar General's confidential, proprietary, trade secret, and attorney-client privileged information have been returned to Dollar General or destroyed such that no such documents are in Defendant's possession; and

4. Refrain from using, disclosing, or disseminating Dollar General's confidential, proprietary, trade secret, or attorney-client privileged information until a final determination on the merits of the foregoing claims may be made by the arbitrator.

Plaintiff further requests entry of an Order directing the Parties to an arbitration hearing on the merits of Plaintiff's claims against Defendant, and staying any further decision in this action until an arbitration hearing on the merits of Plaintiff's claims has been held.

DATED: November 7, 2024

Respectfully submitted,

*/s/ Charley Williamson*
Charley Williamson
Tenn. Bar No. 018287
Charley.Williamson@hklaw.com
Taylor Jarvis Askew
Tenn. Bar No. 033193
Taylor.Askew@hklaw.com
Holland & Knight
511 Union Street
Suite 2700
Nashville, TN 37219
Tel: (615) 244-6380

Amy Morrissey Turk
(*Pro Hac Vice forthcoming*)
aturk@mcguirewoods.com
Virginia Bar No. 44957
McGuireWoods LLP
World Trade Center
101 West Main Street
Suite 9000
Norfolk, VA 23510-1655
Tel: (757) 640-3711

Joel S. Allen
(*Pro Hac Vice forthcoming*)
jallen@mcguirewoods.com
Texas Bar No. 00795069
Paul M. Chappell
(*Pro Hac Vice forthcoming*)
pchappell@mcguirewoods.com
Texas Bar No. 24097489
McGuireWoods LLP
2601 Olive Street
Suite 2100
Dallas, TX 75201
Tel: (214) 932-6400

Laura J. Cooley

5

(*Pro Hac Vice forthcoming*)
lcooley@mcguirewoods.com
Virginia Bar No. 93446
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
Tel: (804) 775-1675

**ATTORNEYS FOR DOLLAR GENERAL CORPORATION**

## CERTIFICATE OF SERVICE

On November 7, 2024, the above and foregoing document was served via U.S. Mail and e-mail to:

Johné Battle
jbattle@consultant.com
11523 Palmbrush Trl PMB 378
Unit 379
Lakewood Rich, FL 34202

David A. Burkhalter II, Esq.
david@burkhalterlaw.com
The Burkhalter Law Firm, P.C.
111 S. Central Street
P.O.B. Box 2777
Knoxville, TN 37901

*/s/ Charley Williamson*